UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**DARIUS PATTERSON**                                                                                          **CIVIL ACTION**

**VERSUS**                                                                                                              **NO. 13-3503**

**STEVE RADER, WARDEN**                                                                              **SECTION "C"(2)**


**ORDER AND REASONS**

This matter is before the Court on a petition filed by Darius Patterson, seeking habeas corpus relief pursuant to 28 U.S.C. §2254. The Court, having considered the Report and Recommendation of the United States Magistrate Judge, petitioner's objections to the Report, the petition, the record, and the applicable law, hereby accepts the Report and Recommendation of the United States Magistrate Judge and supplements that Report with this Order and Reasons.[1] Therefore, the petition for writ of habeas corpus is **DENIED** and **DISMISSED WITH PREJUDICE**.

I.   BACKGROUND AND PROCEDURAL HISTORY

On April 23, 2013, petitioner filed a federal petition for writ of habeas corpus, in which he stated the following grounds for relief: (1) The state trial court erred in accepting a guilty plea where (a) the non-existent charge under La. Rev. Stat. §14:64.3 was not a separate crime and was only an enhancement provision; (b) the sentence was ten years longer than the five-year sentence provided in La. Rev. Stat. §14:64.3; and (c) he did not knowingly and voluntarily waive his constitutional rights because he did not understand the charge to which he entered the plea. (2) He was denied effective assistance of counsel because his counsel gave misleading advice that he should enter a guilty plea to a non-existent charge and accept a sentence that exceeded the

---

[1] Kyle R. Satterfield, a rising 2L at Tulane University Law School, assisted in the preparation of this Order and Reasons

1

sentencing range. (3) The cumulative errors surrounding the entry of the plea, including the ineffective assistance of counsel, violated equal protection and due process.[2] Pursuant to 28 U.S.C. §636 (b)(1)(B) and (C), this action was referred to the United States Magistrate Judge for a report and recommendation. On February 21, 2014, the Report and Recommendation of the United States Magistrate Judge was filed, in which the Magistrate Judge determined that claims 1(c), 2, and 3 in the petition were in procedural default, for reasons discussed at length in the Report, and that there was no showing of cause, prejudice, or a fundamental miscarriage of justice to avoid the independent and adequate procedural bar.[3] The Magistrate Judge further determined that claims 1(a) and 1(b) were meritless, and that the petition should be denied and dismissed with prejudice.[4] Petitioner timely filed objections to the Report and Recommendation on March 7, 2014.[5]

II.     STANDARD OF REVIEW OF THE REPORT AND RECOMMENDATION

In his objections, petitioner essentially reasserts his arguments for the merits of all his claims generally. Petitioner's objections reassert his arguments for the merits of claims 1(a) and 1(b), claims which were reached on their merits in the Report and Recommendation. The Court will review these objections to claims 1(a) and 1(b) *de novo*, pursuant to 28 U.S.C. §636 (b)(1)(C). Petitioner, while reasserting his arguments that counsel did not provide effective representation, did not make any objections that could reasonably be construed as objections to the Report's finding that claims 1(c), 2, and 3 were in a state of procedural default. This Court remains at liberty to "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. §636 (b)(1)(C).

---

[2] Rec. Doc. No. 14, p. 9.
[3] Rec. Doc. No. 14, p. 13-19.
[4] Rec. Doc. No. 14, p. 26-27.
[5] Rec. Doc. No. 15

III.    PROCEDURAL DEFAULT OF CLAIMS 1(C), 2, AND 3

The Court finds no error in the Report and Recommendation of the Magistrate Judge regarding the procedural default of claims 1(c), 2, and 3 in the petition.

A federal court "will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment." Coleman v. Thompson, 501 U.S. 722, 731-32 (1991). This doctrine applies whether the state court decision rested on either substantive or procedural grounds. Id.

In the last reasoned opinion, the state trial court solely based its judgment on La. Code. Crim. P. art. 930.4 and State v. Gaines, 701 So.2d 668 (La. App. 4th Cir. 1997), holding that petitioner's claims were barred as repetitive and successive.[6] The Louisiana Fifth Circuit Court of Appeal and the Louisiana Supreme Court subsequently denied relief without additional reasons.[7] Where the last reasoned opinion on a claim explicitly imposes a procedural default, it will be presumed that subsequent decisions did not reach the merits of the claim and silently disregard the procedural default. Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991). The Magistrate Judge did not err in finding that the state court's judgment was "clearly and expressly" independent of federal law, and "strictly or regularly followed" as to constitute an adequate bar to petitioner's claims. Amos v. Scott, 61 F.3d 333, 338-39 (5th Cir. 1995).

Additionally, the Magistrate Judge did not err in finding that there was no cause or prejudice to avoid the procedural default, and that no fundamental miscarriage of justice would occur unless petitioner's claims were reviewed on their merits.

---

[6] St. Rec. Vol. 1 of 2, Trial Court Order, 8/3/12.
[7] St. Rec. Vol. 1 of 2, 5th Cir. Order, 12-KH-675, 10/10/12; St. Rec. Vol. 2 of 2, La. S. Ct. Order, 2012-KH-2399, 4/1/13.

A federal habeas petitioner may be excepted from procedural default if he can "show 'cause' for the default and 'prejudice attributed thereto,' or demonstrate that the federal court's failure to review the defaulted claim will result in a 'fundamental miscarriage of justice.'" Id. (citing Harris v. Reed, 489 U.S. 255, 262 (1989). A federal court can recognize cause for the procedural default "only where a prisoner is impeded or obstructed in complying with the State's established procedures." Martinez v. Ryan, ___ U.S. ___, 132 S. Ct. 1309, 1318 (2012). In order to establish that a fundamental miscarriage of justice will occur unless petitioner's claims are reviewed on their merits, the petitioner must make a showing that he is "actually innocent" of the charges of which he has been convicted. Smith v. Murray, 477 U.S. 527, 537 (1986) (citing Murray v. Carrier 477. U.S. 478, 496 (1986)).

Petitioner simply failed to complete the review process of his first application for post-conviction relief, and therefore, this is not an instance where petitioner was impeded or obstructed from seeking state review. As a result, the Magistrate Judge did not err in finding no cause for the default and there was no need to reach the issue of prejudice. See Hogue v. Johnson, 131 F.3d 466, 497 (5th Cir. 1997) (citing Engle v. Issac, 456 U.S. 107, 134 n.43) (holding that the failure to show cause is fatal to invoking the "cause and prejudice" exception). Further, petitioner makes no arguments for his actual innocence, and thus the Magistrate Judge did not err in finding that no fundamental miscarriage of justice would occur unless petitioner's claims were reviewed on their merits.

Therefore, there is no error in the Magistrate Judge's Report and Recommendation insofar as claims 1(c), 2, and 3 in the petition are in procedural default, and the Court accepts these findings of the Report.

IV.	STANDARD OF REVIEW FOR CLAIMS REACHED ON THE MERITS (CLAIMS 1(A) AND 1(B))

In a federal habeas petition on behalf of a person in State custody, the petition is subject to the heightened standard of review provided by the Anti-Terrorism and Effective Death Penalty Act (AEDPA). Pursuant to 28 U.S.C. §2254(d), a federal court shall not grant a writ of habeas corpus for: "Any claim that *was adjudicated on the merits* in State court proceedings unless the adjudication of the claim . . . resulted in a decision that was *contrary to*, or involved an *unreasonable application of*, clearly established Federal law, as determined by the Supreme Court of the United States." Beazley v. Johnson, 242 F.3d 248, 255-56 (5th Cir. 2001) (emphasis in original) (quoting 28 U.S.C. §2254(d)).

The Supreme Court elaborated on the terms "contrary to" and "unreasonable application of" in Williams v. Taylor, holding that the terms must be given independent meaning. Id. at 256 (citing Williams v. Taylor, 529 U.S. 362, 405 (2000)). Regarding the phrase "contrary to," the Court clarified that:

> A state-court decision will certainly be contrary to our clearly established precedent if the state court applies a rule that contradicts the governing law set forth in our cases . . . [or] if the state court confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from our precedent.

Williams, 529 U.S. at 405-406.

Regarding an "unreasonable application" of the law, the Court clarified that "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 411.

The validity of a guilty plea is a question of law, although historical facts are entitled to a presumption of correctness. Parke v. Raley, 506 U.S. 20, 35 (1992) (citing Marshall v.

5

Longberger, 459 U.S. 422, 431 (1983)). Thus, the Court must determine whether the state court's denial of relief was contrary to or an unreasonable application of federal law.

V.   INVALID GUILTY PLEA AND IMPROPER SENTENCE (CLAIMS 1(A) AND 1(B))

Petitioner's claims that he entered an invalid guilty plea to only La Rev. Stat. 14:64.3, the armed robbery sentencing enhancement provision, and that he was improperly sentenced in excess of the enhancement provision, are meritless.

A guilty plea "is constitutionally valid only to the extent it is 'voluntary' and intelligent.'" Bousley v. United States, 523 U.S. 614, 618 (1998) (quoting Brady v. United States, 397 U.S. 742, 748 (1970)). "The critical issue in determining whether a plea was voluntary and intelligent is 'whether the defendant understood the nature and substance of the charges against him, and not necessarily whether he understood their technical legal effect." James v. Cain, 56 F.3d 662, 666 (5th Cir. 1995) (quoting Taylor v. Whitley, 933 F.2d 325, 329 (5th Cir. 1991). "If the record shows that the defendant 'understood the charge and its consequences,' this Court will uphold a guilty plea as voluntary even if the trial judge failed to explain the offense." Id. (quoting Davis v. Butler, 825 F.2d 892, 893 (5th Cir. 1987)). "The consequences of a guilty plea, with respect to sentencing, mean only that the defendant must know the maximum prison term and fine for the offense charged." Barbee v. Ruth, 678 F.2d 634, 635 (5th Cir. 1982). As long as the defendant "understood the length of time he might possibly receive, he was fully aware of the plea's consequences." Id. (quoting Bradbury v. Wainwright, 658 F.2d 1083, 1087 (5th Cir. 1981).

The state trial court found that petitioner's arguments for the invalidity of his guilty plea were meritless. In response to petitioner's contention that he pled guilty to only La. Rev. Stat. §14:64.3, a sentencing enhancement provision, the state trial court found that the bill of

information clearly accused petitioner of violating La. Rev. Stat §14:64, the armed robbery statute, "while armed with a dangerous weapon, to wit: a handgun per §14:64.3."[8] Further, the state trial court reasoned that petitioner's <u>Boykin</u> plea of guilty form clearly states that the charge is La. Rev. Stat. §14:64.[9] In an earlier order, the state trial court found that petitioner's 15-year sentence was calculated by the addition of the 10-year minimum sentence under La. Rev. Stat. §14:64 for armed burglary, and the 5-year enhancement provision of La. Rev. Stat. §14:64.3 for committing the underlying armed robbery with a firearm, in accordance with his plea agreement.[10]

While petitioner is accurate in stating that La. Rev. Stat. §14:64.3 does not create a new crime, but simply enhances the sentence for a conviction under La. Rev. Stat. §14:64 for armed robbery where a firearm is used, <u>see</u> <u>State v. Durant</u>, 776 So.2d 1265, 1267 n.1 (La. App. 5th Cir. 2000), it is clear from the record that petitioner was charged with the underlying armed robbery statute and not simply the enhancement provision, and was aware of the nature of the offense charged. While both the assistant district attorney and petitioner's counsel made reference to La. Rev. Stat. §14:64.3 at the beginning of petitioner's <u>Boykin</u> hearing, the state trial judge made it clear to petitioner on several occasions that he was charged with and pleading guilty to <u>armed robbery with a firearm</u>, to which petitioner indicated that he understood.[11] Further, as the state trial court indicated, both the bill of information and petitioner's waiver of constitutional rights provide that the petitioner was charged with a violation of La. Rev. Stat. §14:64.[12] Further, petitioner wrote in his own handwriting that he was pleading guilty to "armed robbery with a

---

[8] St. Rec. Vol. 1 of 2, Trial Court Order, 1/24/14.
[9] Id.
[10] St. Rec. Vol. 1 of 2, Trial Court Order, 5/27/11.
[11] St. Rec. Vol. 1 of 2, Plea Minutes, 8/12/10; Plea Transcript, 8/12/10.
[12] St. Rec. Vol. 1 of 2, Bill of Information, 11/23/09; Waiver of Constitutional Rights Plea of Guilty, 8/12/10

firearm" on his waiver of constitutional rights.[13] Thus, the state trial court's finding that petitioner was on notice as to the nature of the crimes with which he was charged and to which pled guilty was not contrary to or an unreasonable application of federal law.

Regarding the question of whether petitioner was aware of the consequences of his guilty plea, the record shows that petitioner was on several times presented with the sentencing range for armed robbery with a firearm. The sentencing range presented to petitioner, however, was not accurate, and this inaccuracy was not noted by the Magistrate Judge.[14] On petitioner's waiver of his constitutional rights pursuant to his plea agreement, the sentencing range indicated is "15-99 years."[15] This same sentencing range was repeated by the state trial judge during petitioner's Boykin hearing.[16] The sentencing range for a violation of La. Rev. Stat. §14:64 is 10 to 99 years. La. Rev. Stat. §14:64. The enhancement provision in La. Rev. Stat. §14:64.3 imposes an additional sentence of 5 years to be served consecutively to the sentence imposed under La. Rev. Stat. §14:64. La. Rev. Stat. §14:64.3. Thus, accepting the state trial court's finding that that the sentences for the underlying armed robbery and the enhancement provision were combined to formulate the sentencing range espoused, the sentencing range should have been articulated as 15 to 104 years. See State v. Burton 116 So.3d 863, 868 (La. App. 4th Cir. 2013) writ denied, 125 So. 2d 1103 (La. 2013) (holding that the sentencing range for armed robbery with a firearm is 15 to 104 years).

This error in articulating the correct maximum sentence does not undermine the petitioner's understanding of the consequences of his plea or render his plea involuntary, however. "A plea of guilty is not rendered involuntary merely because a defendant received a

---

[13] St. Rec. Vol. 1 of 2, Waiver of Constitutional Rights Plea of Guilty, 8/12/10.
[14] Rec. Doc. No. 14, p. 27.
[15] St. Rec. Vol. 1 of 2, Waiver of Constitutional Rights Plea of Guilty, 8/12/10.
[16] St. Rec. Vol. 1 of 2, Plea Minutes, 8/12/10; Plea Transcript, 8/12/10.

lesser sentence than either that which he was informed the district court could impose or the maximum sentence provided by law." Johnson v. Wainwright, 456 F.2d 1200, 1201 (5th Cir. 1972) (citing Eakes v. United States, 391 F.2d 287, 287 (5th Cir. 1968)). Where a maximum penalty is misrepresented as being lower than the actual maximum penalty, courts in the Fifth Circuit look to the likelihood of whether the knowledge of the actual maximum penalty would cause the petitioner to change his plea. Id. See also United States v. Woodall, 438 F.2d 1317, 1329 (5th Cir. 1970) (en banc). The likelihood that petitioner would not have plead guilty to armed robbery with a firearm if he had knowledge that the actual maximum penalty was 104 years, as opposed to 99 years, is "so improbable as to be without legal significance." Id. On the contrary, it seems the knowledge that the maximum penalty was actually higher than that pronounced by the trial judge would have further induced the petitioner to plead guilty. Therefore, the state trial court's finding that petitioner sufficiently understood the consequences of the plea, including the sentence he faced, is not contrary to or an unreasonable application of federal law.

      Therefore, petitioner's claims that his guilty plea was invalid and that he was improperly sentenced are meritless.

VI.	CONCLUSION

For the foregoing reasons, the Court accepts the Report and Recommendation of the Magistrate judge, supplements it with this Order and Reasons, and agrees with the Magistrate Judge's recommendation that the petition should be dismissed.

Accordingly,

**IT IS ORDERED** that the petition of Darius Patterson for habeas corpus relief pursuant to 28 U.S.C. §2254 be **DENIED** and **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, this 27th day of May, 2014.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE